**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **JOSEPH JOHNSON, JR.**, |
| Plaintiff, |
| v. |
| **UNITED STATES OF AMERICA**, |
| Defendant. |

Case No. 17-cv-2411 (CRC)

## <u>MEMORANDUM OPINION</u>

Like many Americans, *pro se* plaintiff Joseph Johnson, Jr., owes thousands of dollars in student loans. And he has turned to the courts for relief . . . a lot. This is his twelfth lawsuit arising out of his loans. Because Johnson already filed—and lost—at least one other federal case raising the same claims he brings here, the Court will dismiss this latest suit under the doctrine of *res judicata*.

### I.   Background

Johnson enrolled at the University of Maryland University College in fall 1993. <u>Johnson v. U.S. Dep't of Educ.</u>, 580 F. Supp. 2d 154, 155 (D.D.C. 2008), <u>aff'd without op.</u>, No. 08-5468 (D.C. Cir. Apr. 10, 2009). From 1993 to 1996, he obtained several federally guaranteed loans. <u>Id.</u> Johnson consolidated those loans in April 2004 under the William D. Ford Federal Direct Loan Program. Compl., ECF No. 1, ¶ 5. At the time of consolidation, Johnson had $24,447.43 in outstanding student loan debt. <u>Id.</u>[1] By January 2012, despite his alleged efforts to repay the loans, Compl. ¶¶ 13–26, Johnson's debt had risen to $35,556.58, <u>id.</u> ¶ 27.

---

[1] The government disputes this allegation, asserting in its counterclaim that at the time of consolidation, Johnson actually owed $30,327.26. Counterclaim, ECF No. 21, ¶¶ 6, 9. Johnson appears to have drawn the lower figure from a letter he received from the William D. Ford Federal Direct Loans Program in December 2004, which explained that the educational loans

In February 2012, Johnson sent the Department of Education a check for $12,390.00. Id.

¶ 28. Johnson alleges that this payment should have reduced his consolidated principal amount

from $24,447.33 to $12,057.33, id.; instead, billing records that month reflected that the

Department applied the check to reduce the $35,556.58 to $23,179.32, id. ¶ 29. Johnson alleges

that the Department accepted his $12,390 payment but failed to credit it to reduce his overall

debt. Id. ¶¶ 30.[2] He contends that although he has never defaulted on his loans, the Department

continues to falsely report to credit agencies that he failed to make payments and is now

delinquent. Compl. ¶¶ 31–33.

As mentioned above, Johnson has brought numerous lawsuits against a variety of

defendants arising out of these loans. This is the twelfth. Relevant to the government's motion

to dismiss under the *res judicata* doctrine is Johnson's eleventh lawsuit.

In June 2015, Johnson sued the Department of Education in federal district court in

Maryland for breach of conditional settlement, promissory estoppel, unjust enrichment, and

---

"included in [his] Direct Consolidation Loan" totaled $24,447.33. See Compl. ¶ 5 (citing Ex. A to Compl., ECF No. 1-1, at 2). The government's higher figure is consistent with another document attached to Johnson's complaint, however. A Program billing statement reflects an original consolidated principal amount of $30,327.26. See Ex. C. to Compl., ECF No. 1-3, at 2. If the original principal amount was the higher figure, this could account for the increase to $35,556.58 allegedly owed in 2012. In any event, the Court need not resolve this factual discrepancy for purposes of the motion to dismiss on *res judicata* grounds.

[2] Elsewhere, Johnson contends that the Department did not return his original check, did not refund him the amount of the check, or did not properly apply the check amount to his outstanding loan balance. See Opp'n to Consol. MTD, ECF No. 29, at 2 (citing Johnson Decl. ¶ 6). This prompted the United States to attach an exhibit to its reply in support of the consolidated motion to dismiss addressing whether the Department of Education attempted to return or refund the check. See Ex. B to Reply in Supp. of Consol. MTD, ECF No. 32-2. Johnson has moved to strike this attachment. See Mot. to Strike, ECF No. 33. Because the Court also does not need to resolve this dispute to decide the consolidated motion to dismiss, the Court will not consider the evidence attached to the reply and will also deny Johnson's latest motion to strike.

violations of the Fair Credit Reporting Act, the Debt Collection Improvement Act of 1996, and the Higher Education Act of 1965. Johnson v. Duncan, No. GJH-15-1820, 2017 WL 462049, at *1 (D. Md. Feb. 1, 2017). He claimed that the Department was misreporting the amount he owed on his student loans. Id. at *2. He also contended that by cashing his $12,390 check, the Department agreed to accept a partial payment to settle his entire outstanding debt. Id.

The Maryland district court denied Johnson's motion for partial summary judgment and granted the Department of Education's motion for judgment on the pleadings. The court concluded that Johnson was collaterally estopped from relitigating the issue of whether his $12,390 check was a valid settlement, which had been determined in two prior cases in which Johnson attempted to enforce the alleged settlement against other defendants. Id. at *5–6. Because all of Johnson's claims were premised on that issue, the court dismissed the case with prejudice. Id.

In October 2017, Johnson filed suit in this Court. He brings claims against the United States for conversion (count 1), money had and received (count 2), violation of the Fair Credit Reporting Act (count 3), violation of consumer protection and debt collection laws (count 4),[3] negligence (count 5), and declaratory judgment (count 6). He says that counts 1, 2, 4, and 5 are brought under the Federal Tort Claims Act ("FTCA"). Id. at 8.

As in the Maryland case, his claims all relate to how the Department of Education handled his check for $12,390. Unlike in that case, however, Johnson does not allege here that his partial payment should have settled his entire student debt; rather, he alleges that the

_____

[3] He clarifies in his opposition to the consolidated motion to dismiss that this is a claim brought under the District of Columbia Fair Debt Collection Practices Act. See Opp'n to Consol. MTD at 7.

Department has failed to properly credit his account by applying the funds from his check to a principal balance that was too high.

The government filed a motion to dismiss in February 2019. See MTD, ECF No. 18. After Johnson moved to strike that motion as filed by the wrong party (the government filed the motion on behalf of the Department of Education rather than the United States, the named defendant), the government filed a supplemental motion to dismiss. See Suppl. MTD, ECF No. 26. The Court denied Johnson's motion to strike and instructed him to respond to the government's two motions, which it would construe as a "consolidated motion to dismiss." See March 11, 2019 Minute Order. The United States has moved to dismiss on three grounds: (1) in the original motion to dismiss, the government argues that the Court lacks subject matter jurisdiction over Johnson's statutory claims; (2) in the alternative, the government argues that the Court should dismiss the entire complaint as precluded under the doctrine of *res judicata*; and (3) in its supplemental motion to dismiss, the government incorporates the previous two bases and also argues that counts 1 and 2 are time barred.

The government has also filed a counterclaim to recover the outstanding balance of Johnson's student debt, which it says totaled $33,314.91 as of February 8, 2019. See Counterclaim ¶ 21. Johnson answered the counterclaim and asserted thirty-six affirmative defenses. See Plaintiff/Counter-Defendant's Answer, ECF No. 24.

## II.    Standard of Review

As relevant here, the United States moves to dismiss Johnson's complaint as barred under the doctrine of *res judicata*. "When *res judicata* bars a claim, it is subject to dismissal under [Federal Rule of Civil Procedure] 12(b)(6)." Alford v. Providence Hosp., 60 F. Supp. 3d 118, 123 (D.D.C. 2014). In analyzing a motion to dismiss under Rule 12(b)(6), the Court must

determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court takes all of the factual allegations in the complaint as true and construes those facts "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged." Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006).  Finally, when ruling on a Rule 12(b)(6) motion on *res judicata* grounds, the Court may take judicial notice of its own record, public records from other proceedings, and documents attached as exhibits or incorporated by reference in the complaint.  Alford, 60 F. Supp. 3d at 123.

## III. Analysis

Under the doctrine of *res judicata* (or claim preclusion), "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).  *Res judicata* will bar a subsequent lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).  The parties dispute the first three elements of the *res judicata* test so the Court will address those elements in turn.

First, the present case and the Maryland case involve the same causes of action. "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" Drake v. Fed. Aviation Admin., 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984)).  This is because *res judicata* bars not only "specific legal claims that were actually raised in the prior case, but also [] any legal claims

that '*could have been raised*' based on the same transaction or occurrence." Role Models Am.,

Inc. v. Penmar Dev. Corp., 394 F. Supp. 2d 121, 130 (D.D.C. 2005) (emphasis added) (citing

Allen, 449 U.S. at 94). "To determine whether two cases share the same nucleus of facts, the

Court considers whether the facts are related in time, space, origin, or motivation; whether they

form a convenient trial unit; and whether their treatment as a unit conforms to the parties'

expectations or business understanding or usage." Gresham v. District of Columbia, 66 F. Supp.

3d 178, 187 (D.D.C. 2014) (citation and quotation marks omitted).

There is no question that this case and the Maryland case share the same nucleus of facts.

Although Johnson has refashioned his legal theories, both complaints stem from Johnson's

efforts to submit a $12,390 check to either settle his entire student debt or at least reduce his debt

by that amount. Both complaints further allege that the government accepted Johnson's payment

but did not appropriately settle or credit his account. And finally, both complaints allege that the

government falsely reported him to various credit bureaus or collection agencies based on his

delinquencies or defaults.

Johnson counters that at the very least, his FTCA claims are not barred because he was

not obligated to assert them in the Maryland case. Opp'n to Consol. MTD at 12. He contends

that the FTCA claims did not ripen until he chose to deem the Department of Education's failure

to make a final disposition of the claim a final denial of his claim for purposes of administrative

exhaustion. Id. According to Johnson, his FTCA claims did not ripen until he opted to deem

them final on October 30, 2017, when he filed the present case. Id. Johnson's argument is

largely beside the point. A plaintiff's FTCA claim ripens six months after filing an

administrative complaint regardless of whether the agency has taken final action. 28 U.S.C.

§ 2675(a). Johnson submitted his FTCA administrative claim in October 2013. Compl. ¶ 34.

He *could have* brought his FTCA claims in federal court starting April 2014, more than a year before he filed suit in Maryland. Because the *res judicata* doctrine bars claims that "could have been" litigated in a previous action, Allen, 449 U.S. at 94, this argument is unavailing.

Similarly unavailing is Johnson's argument that he was not obligated to bring his FTCA claims in the previous suit because those claims could only be filed against the United States, not its joint tortfeasor the Department of Education (which was the defendant in the Maryland case). Opp'n to Consol. MTD at 11–12. "The general rule governing the joinder of joint tortfeasors does not override the preclusive effect to be afforded judgments where multiple parties are in privity." Herrion v. Children's Hosp. Nat'l Med. Ctr., 786 F. Supp. 2d 359, 372 (D.D.C. 2011). It is well-established that federal agencies are in privity with the United States for purposes of *res judicata*. Middleton v. U.S. Dep't of Labor, 318 F. Supp. 3d 81, 87 (D.D.C. 2018) (citing Mervin v. FTC, 591 F.2d 821, 830 (D.C. Cir. 1978)).

This leads the Court to the second *res judicata* element: that the two cases be between the same parties or their privies. As just explained, the United States and the Department of Education as its agency are in privity for purposes of *res judicata*. Id.

And third, the Maryland case represents a final valid judgment on the merits. The district court in Maryland dismissed all of Johnson's claims with prejudice after determining that Johnson was collaterally estopped from relitigating whether his $12,390 check satisfied his student loan obligations. A dismissal on collateral-estoppel grounds represents a final judgment "on the merits" for purposes of *res judicata*. See Our Country Home Enters., Inc. v. Comm'r of Internal Rev., 855 F.3d 773, 783 (7th Cir. 2017) (quoting Keller Tank Servs. II, Inc. v. Comm'r of Internal Rev., 854 F.3d 1178, 1194 (10th Cir. 2017)).

Johnson counters that the Maryland district court actually dismissed his suit for lack of subject matter jurisdiction, Opp'n to Consol. MTD at 10, which would not represent a final judgment on the merits, see Fed. R. Civ. P. 41(b); Crockett v. Mayor of the Dist. of Columbia, 279 F. Supp. 3d 100, 108 (D.D.C. 2017) ("[A] dismissal 'for lack of jurisdiction' does not operate 'as an adjudication on the merits." (quoting Fed. R. Civ. P. 41(b)).[4] But Johnson misrepresents the outcome of the previous case.

As explained above, the Maryland district court dismissed with prejudice Johnson's first amended complaint after concluding his claims were barred under the doctrine of collateral estoppel. Johnson, 2017 WL 462049, at *5–6. Johnson then filed a motion to clarify and for leave to amend the complaint. See Johnson v. Devos, No. GJH-15-1820, 2018 WL 2376309, at *1 (D. Md. May 24, 2018). The district court denied that motion for three reasons: the amendment would prejudice the defendant, was offered in bad faith, and would be futile as the Department of Education had not waived sovereign immunity with respect to the proposed new claims. Id. (citing Johnson v. Devos, No. GJH-15-1820, 2017 WL 3475668 (D. Md. Aug. 11, 2017)). Focusing on this third basis, Johnson filed a motion for relief from the judgment because the court never had subject matter jurisdiction over his claims. Id. He argued that the Maryland district court should have dismissed his first amended complaint for lack of jurisdiction rather than as barred by collateral estoppel. Id. The district court denied this motion as well, reasoning that any error in failing to dismiss the complaint because of sovereign immunity—when that issue had not been raised by either party—was not an "egregious error" requiring the court to void the previous dismissal under Federal Rule of Civil Procedure 60(b)(4). Id. at *3.

---

[4] The government's reply in support of its consolidated motion to dismiss inexplicably fails to address this argument.

Johnson's post-judgment motions do not impact the finality of the court's first decision in the Maryland case. The case was dismissed on the merits and the Maryland district court rebuffed Johnson's efforts to disrupt that determination. See Int'l Ctr. for Tech. Assessment v. Leavitt, 468 F. Supp. 2d 200, 206 (D.D.C. 2007) ("[A] judgment's finality is restored upon the resolution of the last of any postjudgment motions that operated to suspend finality." (quoting Weyant v. Okst, 198 F.3d 311, 315 (2d Cir. 1999)).

## IV.  Conclusion

Persistence is often the habit of victory. But not against the obstacle of *res judicata*. Having previously litigated the same claims against the government, Johnson cannot do so again here. Therefore, for the foregoing reasons, the Court grants the United States' Motion to Dismiss. A separate Order will accompany this Memorandum Opinion.


Date: June 10, 2019                                    _____
                                                       CHRISTOPHER R. COOPER
                                                       United States District Judge